CHARLES SIMON AND BROTHER *v.* WM. L. BURNETT.

When at the time of the institution of a suit to rescind the sale of a slave, the vendor resides in Baton Rouge, and the slave is in a dying condition in New Orleans, no tender need be made.

It seems that when the vendor refuses peremptorily to rescind the sale of a slave, no legal tender is necessary.

APPEAL from the District Court, Sixth District, *Robertson*, J. *Brunot*, for plaintiffs and appellants. *A. M. Dunn* and *J. W. Seymour*, for defendant.

Rost, J. We are of opinion that the verdict and judgment, in this case, are contrary to evidence.

*Samuel Weil*, who took charge of the slave in controversy for the plaintiffs, on the day they purchased her from the defendant, has testified that, two days after the sale, she was sick and unable to work; and that, after a few days, he wrote to them that she was worth nothing, and that he would not have her as a gift. After ten or twelve days, her health not improving, she was sent to the plaintiffs, in this city, and placed by them under the care of a skillful physician, who attended her until she died. He has testified that the disease was of long standing; that it had assumed the chronic form, and become incurable when he first saw her, and that it progressed slowly, but surely, till the final termination by death, about five months after the sale. Another physician, who also attended the patient and was called in consultation, fully corroborated this testimony. A *post mortem* examination would, no doubt, have been more satisfactory than the conjectural opinions of physicians as to the nature and consequences of the disease; but those opinions, corroborated as they are by the testimony of *Weil*, are sufficient to make out a *prima facia* case in favor of the plaintiffs, and the testimony of the defendant is not inconsistent with the truth of the facts sworn to by the plaintiffs' witnesses. It has been urged in argument, that a tender of the slave had not been shown. At the time the suit was instituted, the slave was in a dying condition in this city, and could not be tendered to the defendant in Baton Rouge. One of the plaintiffs went there, and informed him of the situation of the slave, and asked him to rescind the sale, which he peremptorily refused to do. After that refusal, we are not prepared to say that a legal tender would have been necessary under any circumstances. *Cottle* v. *Wilson*, 1 Ann. p. 4; *Fuentes* v. *Caballero*, 1 Ann. p. 28; *Bowman* v. *Ware*, 18 L. R. 397. The disease is shown to have existed within the three days which followed the sale, and the presumption is that it existed before the sale; but as there is nothing to show that the defendant was apprised of its existence, he must be held to have acted in good faith.

The slave having rendered no service to the plaintiffs, the defendant, besides refunding the price of $650, must re-imburse the expenses incurred during the prolonged illness of the slave, which we assess at $100. The expenses occasioned by the sale are not shown.

It is ordered that the judgment in this case be reversed.

It is further ordered that the plaintiffs recover from the defendant seven hundred and fifty dollars.

It is further ordered that the defendant pay costs in both Courts.